UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL KIMIKO HONDA,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 16-cv-06843-VC<br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 16, 21 |

Crystal Honda's motion for summary judgment is granted. The Administrative Law Judge's denial of benefits is reversed, and the case is remanded for an award of benefits.

## I.

The ALJ concluded that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" and did not identify any evidence of malingering. Administrative Record at 23. Thus, the ALJ could reject Honda's testimony about the "severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

The ALJ stated that the claimant was not fully credible because she alleged an onset date that was seven months before she sought medical treatment; because at the alleged onset date Honda was "thinking of suicide only occasionally"; because she "reported some improvement with medications"; because she had only one hospitalization for suicidal thoughts after the alleged onset date; because she "has had normal mental status examinations"; and because she "has had very minimal and conservative treatment." Record at 23.

Both the fact that Honda did not immediately seek treatment for her mental health

problems and the fact that medication provided "some improvement" are consistent with Honda's testimony regarding the severity of her symptoms. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996); *Garrison*, 759 F.3d at 1017 ("Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms."). Of course, the fact that Honda was involuntarily hospitalized for suicidal thoughts and remained hospitalized for nine days is consistent with severe psychological symptoms. Record at 414, 429. The fact that Honda occasionally thought of suicide is also plainly consistent with severe psychological symptoms. Nor is the presence of some normal mental status examinations – and the ALJ cited only one normal examination – a clear and convincing reason to reject Honda's testimony. *See Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."). The record contains a number of mental status examinations that together show that Honda experiences severe and persistent symptoms. *See, e.g.*, Record at 414-15; 430-31; 438, 588; 595; *see also* Record at 459. Finally, the ALJ, citing no evidence, concluded that Honda received "very minimal and conservative treatment." Record at 23. The medical record belies this conclusion. The record shows that Honda was taking multiple psychiatric medications, *e.g.* Record at 380-81, 593-94, was hospitalized for a nine day period, Record at 414, 429, was placed in an assisted living facility after her hospitalization, Record at 518, and was in individual outpatient psychotherapy. *E.g.* Record at 356, 366, 646. This is neither minimal nor conservative.

In short, the ALJ's reasons for discrediting Honda's testimony are either contradicted by the record or are consistent with Honda's testimony regarding the severity of her symptoms. They are not clear and convincing reasons for discrediting her testimony.

## II.

The ALJ also erred by discrediting the statements of Barbara Cornell, MFT and Teresa

Baides, LCSW without "set[ting] forth specific, legitimate reasons" for doing so. *Garrison*, 759 F.3d at 1012, 1014. The fact that Baides and Cornell are not "acceptable medical source[s]" within the meaning of the social security regulations is not a legitimate reason for discrediting their evidence as to the severity of Honda's symptoms and her residual functional capacity. 20 C.F.R. §§ 404.1502(a), 404.1527(f); *Garrison*, 759 F.3d at 1013-14.

The ALJ also discredited Baides's statement because "the treatment notes do not support the level of severity indicated by Ms. Baides." Record at 24. This vague and general statement, without any reference to specific records, is the type of boilerplate language that courts do not credit. *Garrison*, 759 F.3d at 1013. The ALJ also discredited Baides because "she did not provide any detailed explanation as to how she reached her conclusions" and "did not indicate the frequency of treatment." Record at 24. But the Ninth Circuit has made clear that when reviewing a provider's summary report, the ALJ must consider the summary within the context of the provider's notes within the record. *Garrison*, 759 F.3d at 1013-14. Records available to the ALJ show that Baides met with Honda on multiple occasions, and these records provide a detailed basis for her opinions. *E.g.* Record at 361, 365, 388.

The ALJ's additional bases for discrediting Cornell's opinion were not specific and legitimate. The ALJ's statement that "[t]he paranoid delusions to which Ms. Cornell refers . . . are not reflected in the treating records" is factually incorrect. Record at 24. The medical records contain evidence – including objective medical evidence – of paranoid delusions. *See, e.g.*, Record at 371 ("Thought content reveals paranoia, ideas of reference and thoughts of being followed and monitored."); *id.* at 400, 516; *see also id.* at 40-42, 261-287. The fact that Cornell had seen "claimant a total of only three times at the time she completed the form" may be a legitimate reason to discredit a provider's statement if the ALJ also points to other contradicting opinions or evidence. But absent contradicting evidence, the fact a provider has seen a claimant

3

only three times is not a legitimate reason for discrediting that provider's opinion. *See Garrison*, 759 F.3d at 1012-13.[1]

### III.

The proper remedy in this case is to remand for benefits. First, as discussed above, "the ALJ has failed to provide legally sufficient reasons for rejecting evidence." *Garrison*, 759 F.3d at 1020. Second, there is nothing to indicate that the record is insufficient or that this case would benefit from additional administrative proceedings. *Garrison*, 759 F.3d at 1020. There are no "conflicts, ambiguities, or gaps" in the record and no factual issues that need to be resolved. *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). In fact, all the evidence in the extensive record – from medical providers, other providers, lay persons, and Honda – describes a person who has significant functional limitations because of mental impairments. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017).

Finally, if the improperly discredited evidence were credited as true, the ALJ would have been required to find Honda disabled as of the alleged onset date. When Honda's testimony is credited, it is clear that Honda would have to frequently miss work because of her mental illness. Record at 49 ("Q: Do you have days when you stay in bed all day? A: Yes. Q: How often is that? A: Like, four days a week."); *id.* at 58-59; *see also id.* at 174 (noting that Honda was unable to maintain part-time position because she "was late a lot and called in sick quite often"); *id.* at 647. And the vocational expert testified unequivocally at the hearing that a person cannot maintain competitive full time employment if she were to miss work "three to four times a month." Record at 61. Thus, the ALJ would have been required to find that Honda was unable to perform

---

[1] It appears the ALJ erred in a number of other parts of her opinion. For example, the ALJ did not offer clear and convincing reasons for rejecting the opinion of Dr. Naduvathusery Jacob, Ms. Honda's treating physician, even though his "opinion is not contradicted by another doctor" in the record. *Lester v. Chater*, 81 F.3d 821, 830 (1995). Here, the ALJ gave Dr. Jacob's opinion that Ms. Honda was "functioning marginally and was disabled psychologically" only "little weight" because Dr. Jacob "did not provide any specific medical source statement as to her ability to function in particular areas of mental functioning." Record at 26. The fact that Dr. Jacob did not opine as to particular areas of mental functioning, absent any discussion of contradicting evidence in the record, is not a clear and convincing reason for rejecting his statement. *See Lester*, 81 F.3d at 832-833.

any of her past relevant work or any other work given her residual functional capacity. *See Garrison*, 759 F.3d at 1020.[2]

Honda's motion for summary judgment is granted, and the Commissioner's cross-motion for summary judgment is denied. The decision of the ALJ is reversed, and the case is remanded under sentence four of 42 U.S.C. § 405(g) for a calculation of benefits.

**IT IS SO ORDERED.**

Dated: December 8, 2017

VINCE CHHABRIA
United States District Judge

---

[2] Crediting as true the testimony that was improperly discredited, the ALJ would have likely also been required to find that Ms. Honda met listing 12.04, as Ms. Honda meets paragraph A of Listing 12.04, as defined at the time of the hearing, and it seems clear from the testimony that Ms. Honda has marked limitations in both social functioning and activities of daily living.